## GREEN HILL *v.* SNYDER, Administrator.

This suit was brought upon a judgment obtained in Mississippi. The statute of limitations was plead in defence. The plea was held to be bad, because the statute did not apply in consequence of the absence of the defendant from the State of Mississippi. Hutchinson's Code, 831, sec. 11.

When a suit has been brought against A and B, as partners, using the name and style of A and B, upon a negotiable note made by them as partners, the judgment obtained will be considered, at common law, a judgment *in solido.*

APPEAL from the District Court of the Parish of Bossier, *Bullard,* J. *Crain* and *Spofford,* for plaintiff. *Lawson,* for defendant. By the court:

DUNBAR, J. This suit was brought to recover of the defendant, the amount of a judgment which the plaintiff obtained against *Notley Gilmore* and *Thomas D. Connell,* in the State of Mississippi. The defendant pleaded a general denial, payment, and the prescription of seven years, to plaintiff's cause of action, under the statute of limitations of the State of Mississippi, passed the 24th February, 1844, prohibiting any action of debt on any judgment of that State, seven years after its rendition. He also further pleaded, that *Thomas D. Connell* was only liable for one half of the plaintiff's demand, because the judgment was not *in solido.* On the trial of the case, the laws of Mississippi were given in evidence; there was judgment against the defendant for the whole amount claimed, and he has taken this appeal.

We find, by reference to the law of limitations of actions, remedies, &c., of the State of Mississippi, (Hutchinson's Code, 831, sec. 11,) it is provided : " If any person or persons against whom there is, or shall be, any cause of action, as specified in the preceding sections of this act, (except for the recovery of lands, tenements, hereditaments or leases, for a term of years) is, are, or shall be, out of the State at the time of such cause of action occurring, or at any time during which a suit might be sustained on such cause of action, then the person or persons who are or shall be entitled to such action, shall be at liberty to commence the same against such person, after his, her, or their return to this State ; and the time of such person's absence, shall not be computed a part of the time limited by this act." The evidence in this cause shows, that *Thomas D. Connell* moved to the parish of Bossier, in the State of Louisiana, in February, 1845, where he remained until the day of his death, without having returned, in the intermediate time, to the State of Mississippi. The judgment now sought to be enforced against his administrator, was rendered in Mississippi, on the 17th May, 1841. It is therefore clear, that even by 'the laws of Mississippi, an action of debt could be maintained against his administrator on this judgment, under the circumstances above related. This view of this portion of the defence, will render it unnecessary for us to decide whether the law of prescription of Louisiana, should control this case.

It is contended on the part of the defendant, if this debt is not prescribed, yet, that he is liable for only one half of it, as the judgment is not *in solido.*

It appears, from the record, that the suit in Mississippi was brought by the plaintiff against *Gilmore* and *Connell* as partners, using the name and style of *Gilmore* and *Connell,* upon a negotiable note made by them as partners, paya-

GREEN HILL  ble to the plaintiff or bearer for value received, and that the judgment now
    *v.*
SNYDER.     sued upon, was rendered against them in that capacity. We think there can be
no doubt, that at common law, which prevails in Mississippi, this would be con-
sidered a judgment *in solido.* It is further contended, that the defendant is
entitled to a credit for a payment made to the sheriff in Mississippi, endorsed
upon the execution which issued upon the judgment of certain bank notes of
a bank in Alabama, and an order for a small amount on the clerk of the court.
There is no evidence to satisfy us, that the plaintiff ever sanctioned such a pay-
ment to the sheriff, or that he had any notice thereof. This payment cannot,
therefore, be allowed.

The judgment of the district court is affirmed, with costs.

## SAME CASE—ON A RE-HEARING.

In this case, defendant claimed a credit for a payment made to the sheriff in Mississippi, and
endorsed upon the execution. By the Court: "It has been held by the Court of Errors and
Appeals in the State of Mississippi, and by the Supreme Court of the United States, in a
case coming from that State, that lapse of time was sufficient ground for inferring the
implied sanction of the plaintiff to the act of an officer who had collected uncurrent notes."
We will, therefore, amend the decree which has been rendered in this case, by allowing
the aforesaid credit.

By the court:

DUNBAR, J.  A re-hearing has been granted in this case, upon the ground,
that the defendant is entitled to a credit of two hundred and five dollars and
ninety-one cents, which appears from the return of the sheriff of Choctaw
county, Mississippi, on the execution issued against him in that State, which is
in the following words : " Received of *Thomas D. Connell,* one hundred and
eighty-eight dollars and ninety-six cents, in the bills of the bank of the State of
Alabama, on this execution, October 7th, 1842 ; also, *James Phagan,* clerk of
the Circuit Court of Winston county, order for sixteen dollars ninety-five cents,
October 7th, 1842. EDWARD JOHNSON, Sheriff, C. C."

We find from authorities furnished since our first opinion was rendered, that
it has been held by the Court of Errors and Appeals in the State of Missis-
sippi, and by the Supreme Court of the United States, in a case coming up
from that State, " that lapse of time was sufficient ground for inferring the
implied sanction of the plaintiff to the act of an officer who had collected
uncurrent notes." *Woodward* v. *Fisher et al.,* 11 Smedes and Marshall, 303.
*Buchanan, Hagan & Co.* v. *Terinin,* 2 Howard, S. C Rep. 258. We will,
therefore, amend the decree which has been rendered in this case, by allowing
the aforesaid credit.

It is therefore ordered, that the judgment of the district court be so amended,
as to allow a credit to the defendant of two hundred and five dollars and ninety-
one cents, as of the 7th October, 1842 ; and, that the said judgment be in all
other respects affirmed, the appellee to pay the costs of this appeal.